IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARK ALAN LANE,

        Petitioner,

     v.

MARION FEATHERS,

        Respondent.

Case No. 3:13-cv-00005-PA

OPINION AND ORDER

Mark Alan Lane
06503-028
Federal Correctional Institution
P.O. Box 5000
Sheridan, OR 97378

        Petitioner, *Pro Se*

S. Amanda Marshall
United States Attorney
Natalie Wight, Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902

        Attorneys for Respondent

1 - OPINION AND ORDER

PANNER, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2241 challenging the loss of 27 days of Good Conduct Time ("GCT") following a prison disciplinary hearing on January 21, 2011. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) is denied.

### BACKGROUND

Petitioner, a federal prisoner at FCI-Sheridan, was previously housed at the Low Security Correctional Institution ("LCSI") in Butner, North Carolina during the time period relevant to this case. On December 15, 2010, he was given an incident report for violation of Bureau of Prisons ("BOP") Code 203 for "Threatening Another with Bodily Harm." The Incident Report governing this matter contained a statement by Special Investigative Services ("SIS") Technician Gilbert Grimaldo which reads as follows:

> On 12/15/10, at 9:00 a.m., an SIS investigation was completed which concluded that on 12/7/10, 9:57 a.m., the U.S. Marshals Service out of the Southern District of Indiana notified the LCSI SIS Office that inmate Lane 06503-028 authored a threatening letter. Specifically, on 12/7/10, at 9:57 a.m. the U.S. Marshals Service stated to SIS that they received a copy of a threatening letter addressed to the Senate Judiciary Committees, and Representative Mike Pence from Bradley Blackington, Assistant U.S. Attorney Southern District of Indiana.
>
> In the contents of the letter, inmate Lane states, "I want to expose this criminal matter! The Bureau of Prisons may not take action. I may be forced to protect myself and

> take a life.  I'm doing my best to avoid
> trouble.  I will never let the Federal
> Government violate my rights, and not take
> action."  Based on the statements, Lane
> displays a threatening intent to cause deadly
> harm.
>
> During the SIS investigation, inmate Lane was
> questioned about the letter.  Lane admitted
> authoring the letter but denied it was
> threatening. When questioned, [whose] life he
> (Lane) was planning on taking or harming?
> Lane simply stated, "I can't predict the
> future."  Based on the content of the letter,
> Lane expresses a threatening message that he
> will kill or cause deadly harm while
> incarcerated if his judiciary request is not
> reviewed and during questioning Lane did not
> deny his intent of "taking a life."

Declaration of Jeffrey Tilley, Attachment 4, p. 1.

The Disciplinary Hearing Officer ("DHO") conducted a hearing

on January 21, 2011.  During the hearing, petitioner admitted

writing the letter, but claimed it was "a statement of self-

defense, not a threat of bodily harm." *Id*, Attachment 5, p. 1.  At

the conclusion of the hearing, the DHO found petitioner guilty as

charged and sanctioned him with the loss of 27 days GCT, 15 days

disciplinary segregation, 18 months loss of telephone privileges

(suspended 180 days), and one year loss of email.  *Id*, Attachment

5, p. 2.

On January 2, 2013, petitioner filed his Petition for Writ of

Habeas Corpus in which he alleges that the DHO's decision was not

supported by "some evidence" and, thus, violates his right to due process of law.[1]

## DISCUSSION

In *Superintendent v. Hill*, 472 U.S. 445 (1985), the Supreme Court held that due process during a prison disciplinary hearing requires that "some evidence" exist to support the findings made during such a hearing. *Id* at 455. Petitioner will prevail if the record in this case is "so devoid of evidence that the findings of the . . . [DHO] were without support or otherwise arbitrary." *Id* at 457.

The DHO in this case found petitioner guilty of the Code 203 violation because: (1) petitioner admitted writing the letter in question; (2) petitioner's statements in the letter displayed an intent to cause deadly harm; and (3) when he was given an opportunity to explain his remarks, petitioner simply stated that he could not predict the future. Tilley Declaration, Attachment 5, p. 2. According to petitioner, the DHO's findings were insufficient to satisfy due process because the charge of Threatening Another with Bodily Harm pursuant to Code 203 requires

---

[1] The Petition also vaguely notes that "A prisoner facing the loss of good conduct time is entitled to certain procedural protections[,]" but petitioner does not raise any specific procedural due process claim. To the extent he intends to allege that his disciplinary hearing lacked the appropriate procedural protections, it is clear petitioner was given written notice of his hearing, sufficient opportunity to be heard, and a written decision from the DHO as required by *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). Tilley Declaration, pp. 3-4; Attachment 5.

that the threat be made to a specific person.  He contends that because he did not threaten a particular person, there was no evidence to support his conviction such that his right to due process of law was violated.

According to the DHO, "[f]or an inmate to be charged with Disciplinary Code 203, a specifically named victim is not required." Tilley Declaration, p. 4.  "An agency's interpretation of the meaning of its own regulations is entitled to deference unless plainly erroneous or inconsistent with the regulation." *National Ass'n of Home Builders v. Defenders of Wildlife*, 551 U.S. 644, 672 (2007).  Because this interpretation is neither plainly erroneous nor inconsistent with the regulation, petitioner's argument that he did not direct his threat toward a particular person such that he is innocent of any wrongdoing is unavailing.

The court also notes that petitioner presented this same argument when challenging a separate Code 203 violation in *Lane v. Feathers*, 3:12-cv-02360-PA, and the court similarly denied relief. Because it is clear from the record that there was at least "some evidence" to support the DHO's finding of guilt in petitioner's prison disciplinary hearing, relief on the Petition is denied.

///

///

///

///

5 - OPINION AND ORDER

**CONCLUSION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is denied.

IT IS SO ORDERED.

DATED this __24__ day of June, 2013.

Owen M. Panner
United States District Judge

6 - OPINION AND ORDER